IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-356-SDJ-CAN |
| | § | |
| MYRON CRAIG MIDDLETON (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Myron Craig Middleton's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on April 8, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Andrew Stover.

Defendant was sentenced on January 24, 2012, before The Honorable Janis Graham Jack of the Southern District of Texas/Corpus Christi Division after pleading guilty to the offense of Possession with Intent to Distribute 914.4 Kilograms of Marihuana, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years imprisonment. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of V, was 120 to 150 months. Defendant was subsequently sentenced to 105 months imprisonment followed by a 5-year-term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, mental health treatment, and restriction to his home from 11pm to 6am each night during his term of supervised release. On December 15, 2017, Defendant completed his period of imprisonment and began service of the supervision term. On December 2, 2020, a transfer of jurisdiction was conducted, and the

defendant's case was transferred to the Eastern District of Texas and assigned to U.S. District Judge Sean D. Jordan.

On July 7, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance; and (2) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician [Dkt. 2 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On August 19, 2019, Defendant submitted a urine specimen that tested positive for cocaine. The specimen was confirmed positive for cocaine by Alere Toxicology Services, Inc., on August 23, 2019. On September 3, 2019, Defendant submitted a urine specimen that tested positive for cocaine. The specimen was confirmed positive for cocaine by Alere Toxicology Services, Inc., on September 8, 2019. On April 22, 2021, Defendant submitted a urine specimen that tested positive for methamphetamine and cocaine. The specimen was confirmed positive for cocaine by Alere Toxicology Services, Inc., on April 30, 2021. On May 5, 2021, Defendant submitted a urine specimen that tested positive for cocaine. The specimen was confirmed positive for cocaine by Alere Toxicology Services, Inc., on May 13, 2021. On May 18, 2021, Defendant submitted a urine specimen that tested positive for cocaine. The specimen was confirmed positive by Alere Toxicology Services, Inc., on May 28, 2021 [Dkt. 2 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations. Having considered the Petition and the plea of true to allegations 1 and 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 13, 14].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of thirteen (13) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 9th day of May, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE